IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL FINK, et. al.,<br><br>Plaintiff(s),<br>v.<br>ALTARE PUBLISHING, INC., et. al.,<br><br>Defendant(s). | CASE NO. 5:13-cv-03720 EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING DEFENDANTS' MOTION FOR SANCTIONS; TERMINATING DEFENDANTS' MOTION TO DISMISS**<br><br>[Docket Item No(s). 9, 15, 33] |

## I. INTRODUCTION

This is a case about unsolicited emails, otherwise known as "spam." Plaintiffs[1] originally filed the action in Santa Clara County Superior Court on July 11, 2013, alleging that Defendants[2] sent hundreds of these emails to their email accounts containing improper domain names and generic "from" information, all in violation of California Business and Professions Code § 17529.5 and California Civil Code § 1572. Defendant Altare Publishing then removed the action to this court on

---

[1] The named plaintiffs are Joel Fink, George Moreland, Ken Green, Mildred Green, Jesse Brister, Julianna Hengfoss, Jamie Carper, Mario Osoteo, Daniel Barrett, Steve Falls, Serene Pritchett, Angela Kim Bridges, Kristina Kirby, Cathy Riley, and Auria Styles, and are referred to collectively in this order as "Plaintiffs."

[2] The named defendants at the time of removal were Altare Publishing Inc., Vin Dicarlo, Inc. (Massachusetts), Vin DiCarlo II Incorporated, Vin DiCarlo Inc. (New Jersey), DiCarlo Coaching, DiCarlo Coaching, LLC, Vin DiCarlo, Ryan Dennis Kowalski, Kristen Sara Kowalski, Gerard M. Gresko, Judith A. Gresko, Namecheap, Inc. ("Namecheap"), Donald G. McAllister, and Sherry D. McAllister. Donald and Sherry McAllister have since been dismissed. See Docket Item Nos. 31, 32.

United States District Court
For the Northern District of California

August 12, 2013, under 28 U.S.C. § 1441(b), alleging federal jurisdiction on the basis of diversity.

Presently before the court are three motions: (1) a Motion to Dismiss the Complaint filed by certain defendants (Docket Item No. 9), (2) a Motion to Remand filed by Plaintiffs (Docket Item No. 15), and (3) a Motion for Sanctions filed by certain defendants (Docket Item No. 33). The court has carefully reviewed the documents filed by both parties for these matters and finds them suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The hearings scheduled for January 31, 2014, will therefore be vacated. Since Plaintiffs' Motion to Remand will be granted, the Motion to Dismiss will be terminated and the Motion for Sanctions will be denied.

## II. LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b); 1332(a).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

### III.  DISCUSSION

In their motion, Plaintiffs argue that this action was improperly removed because complete diversity does not exist. Specifically, Plaintiffs argue that many of the named plaintiffs are residents of California. They also contend that defendant Namecheap maintains a principal place of business in Los Angeles and that two individual defendants, Donald and Sherry McAllister, are residents of California.[3]

For their part, Defendants do not dispute two of Plaintiffs' three contentions. According to the Notice of Removal, Defendants allege that all of the named plaintiffs are domiciled in California and that the McAllisters are also domiciled in California. That being the case, a facial review of the state-court Complaint and Notice of Removal reveals that this case was not removable because California parties appeared on both sides of the action. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

This conclusion is only strengthened by Namecheap's citizenship. "A corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008) (citing 28 U.S.C. § 1332(c)(1)). In this circuit, two tests are utilized to determine a corporation's principal place of business: the "place of operations" test and the "nerve center" test.

---

[3] The court understands that an individual's residency does not necessarily equate to domicile for the purposes of diversity jurisdiction. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). In this case, however, Plaintiffs' use of the term "residency" rather than "domicile" is of no moment because Defendants, who must ultimately bear the burden on this motion, have alleged these parties' domicile in the Notice of Removal.

It is also worth noting that the McAllisters cannot be disregarded for this part of the analysis even though they were dismissed after removal. Doing so would undermine "the core principle of federal removal jurisdiction on the basis of diversity - namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected" and not at some later time. Strotek Corp. v. Air Transp. Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002); Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."); Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) ("[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

United States District Court
For the Northern District of California

Id. Under the former test, the principal place of business "is the state which contains a substantial predominance of corporate operations." Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990)). If no such state can be found, then the latter test is invoked, "which locates the corporations principal place of business in the state where 'the majority of its executive and administrative functions are performed.'" Davis, 557 F.3d at 1028 (quoting Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 500 (9th Cir. 2001)).

Since neither party advocates for the "place of operations" test, the court applies the "nerve center" test. In doing so, the court observes Plaintiffs' evidence in support of their contention that Namecheap's principal place of business is California, which includes (1) a printout from Namecheap's website showing a business address on Olympic Boulevard in Los Angeles, (2) the LinkedIn profile for Namecheap's CEO, listing his location as "the Greater Los Angeles area," (3) two press releases from 2013 which state that "Namecheap is a Los Angeles-based ICANN accredited domain name registrar founded in 2000," (4) a Facebook profile for Namecheap listing its location as Los Angeles, and (5) choice of law and forum selection provisions in corporate documents which designate California law as governing and the United States District Court for the Central District as the selected forum.

Although it is their burden to support federal jurisdiction, Defendants have not produced any evidence to support their allegation that Namecheap's principal place of business is Kharkov, Ukraine instead of Los Angeles. This is fatal to Defendant's argument that Namecheap is a diverse defendant, because the totality of evidence before the court on this issue demonstrates otherwise. See Murray v. Carmax Auto Superstores California, LLC, No. 12-CV-02966-L-MDD, 2013 U.S. Dist. LEXIS 118993, at *8-10, 2013 WL 4500893 (S.D. Cal. Aug. 21, 2013). The court therefore concludes that Namecheap is domiciled in California for the purposes of diversity jurisdiction under the "nerve center" test.

That does not end the matter, however, because Defendants make two arguments in an effort to escape the conclusion that there is an absence of diversity jurisdiction. They first raise the "no local defendant" rule contained in 28 U.S.C. § 1441(b), which "confines removal on the basis of

diversity jurisdiction to instances where no defendant is a citizen of the forum state." Lively v. Wild Oats Market, Inc., 456 F.3d 933, 939 (9th Cir. 2006). In particular, defendants rely on the portion of the statute which limits application of the rule to those defendants "properly joined and served as defendants" at the time of removal. 28 U.S.C. § 1441(b). Since neither Namecheap nor the McAllisters were served prior to removal, Defendants argue that the plain language of § 1441(b) renders their domiciles irrelevant when determining whether the removal was proper.

Defendants's position that unserved local defendants can be ignored for jurisdictional purposes is contrary to the Ninth Circuit's position on this issue. Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). It has also been recently rejected by another member of this court. See Carper v. Acknowledge, Inc., Case No. 13-cv-03921-JST, 2013 U.S. Dist. LEXIS 159211, at *4-7, 2013 WL 5954898 (N.D. Cal. Nov. 6, 2013). And for the same reasons articulated there, the argument is equally unavailing here. Simply put, the "properly joined and served" language of § 1441(b) does not permit ignorance of an unserved local defendant's domicile when determining the existence of diversity jurisdiction.

Defendants also argue that Namecheap and the McAllisters should be disregarded because they were fraudulently joined or "sham" defendants. The "fraudulent joinder" doctrine allows a defendant to remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). In such a case, the "fraudulently-joined" defendant is disregarded for jurisdictional purposes. Id.

Proving fraudulent joinder is not easy though. It "must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ll disputed questions of fact and all ambiguities in the controlling state law are [to be] resolved

5
CASE NO. 5:13-cv-03720 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING DEFENDANTS' MOTION FOR SANCTIONS; TERMINATING DEFENDANTS' MOTION TO DISMISS

1 in plaintiff's favor." Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). If after
2 doing so, "there is a non-fanciful possibility that plaintiff can state a claim under [state] law against
3 the non-diverse defendants the court must remand." Macey v. Allstate Prop. & Cas. Ins. Co., 220 F.
4 Supp. 2d 1116, 1118 (N.D. Cal. 2002).

5     Furthermore, "a defendant seeking removal based on an alleged fraudulent joinder must do
6 more than show that the complaint at the time of removal fails to state a claim against the
7 non-diverse defendant." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal.
8 2011). "Remand must be granted unless the defendant shows that the plaintiff 'would not be
9 afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (quoting Burris v.
10 AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 U.S. Dist. LEXIS 52437, at *4, 2006 WL
11 2038040 (N.D. Cal. Jul. 19, 2006).

12     Since Plaintiffs have dismissed the McAllisters, the court limits this examination to
13 Namecheap and concludes that Defendants have not met their burden to show by clear and
14 convincing evidence that Namecheap was fraudulently joined. In the Complaint, Plaintiff alleges
15 that Namecheap, through the fictitious business name of "WhoisGuard," is the registrant of a domain
16 name which originated some of the email addresses at issue in the action. In order to contradict that
17 allegation, Defendant has produced evidence to show that "WhoisGuard" is not a fictitious business
18 name but is actually a separate corporate entity that provides services to Namecheap customers
19 through an agreement with Namecheap. But at this point in the case - where all disputed issues of
20 fact must be construed in Plaintiffs' favor - this evidence is not enough to show that Namecheap
21 could never be considered a registrant of the domain name. Indeed, it cannot be overlooked that the
22 registrant contact information for "WhoisGuard" shows the same address as that of Namecheap, and
23 considering "WhoisGuard" provides anonymity services, it is entirely possible that Namecheap is
24 the true registrant and that "WhoisGuard" is simply acting as a proxy. Moreover, Defendants have
25 not shown that it is impossible for Plaintiffs to state a claim against Namecheap even under their
26 description of the relationship between it and WhoisGuard since the details of the contractual
27 arrangement between the two companies has not been revealed.
28

6
CASE NO. 5:13-cv-03720 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING DEFENDANTS' MOTION FOR
SANCTIONS; TERMINATING DEFENDANTS' MOTION TO DISMISS

In sum, this is an action brought by a group of California Plaintiffs asserting claims against at least one remaining California defendant. Since that defendant was not fraudulently joined, the court must find an absence of diversity jurisdiction. Accordingly, Plaintiffs' Motion to Remand will be granted.

As to the remaining issues, Plaintiffs' request for fees and costs under 28 U.S.C. § 1447(c) will be denied. See Lussier v. Dollar Tree Stores, Inc., 518 F. 3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."). In addition, the related Motion for Sanctions brought by defendants will be denied because it is not apparent from this record that Plaintiffs' allegations against Namecheap are entirely frivolous such that sanctions under Federal Rule of Civil Procedure 11 are warranted.

## IV. ORDER

Based on the foregoing, Plaintiffs' Motion to Remand (Docket Item No. 15) is GRANTED. The Motion for Sanctions (Docket Item No. 33) is DENIED. The Motion to Dismiss (Docket Item No. 9) is TERMINATED WITHOUT PREJUDICE to be re-filed as appropriate once this case returns to state court.

The hearings scheduled for January 31, 2014, are VACATED. The clerk shall remand this action to Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2014

EDWARD J. DAVILA
United States District Judge

7
CASE NO. 5:13-cv-03720 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING DEFENDANTS' MOTION FOR SANCTIONS; TERMINATING DEFENDANTS' MOTION TO DISMISS